UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 4:20-cv-00514 |
| v. | ) | |
| | ) | |
| PAULINE KAUFMAN and | ) | |
| PAULINE KAUFMAN, as Executrix of the | ) | |
| ESTATE OF AVIK KAUFMAN, | ) | |
|     Defendant. | ) | |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Pauline Kaufman to reduce to judgment and collect outstanding civil penalties assessed against Pauline Kaufman for her non-willful failure to timely report his financial interest in numerous foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees.  Additionally, the United States has filed this Complaint against Pauline Kaufman as Executrix of the Estate of Avik Kaufman to reduce to judgment and collect outstanding civil penalties assessed against Avik Kaufman for his willful failure to timely report his financial interest in numerous foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees.  Further, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*) to collect any judgment it obtains in this case, including, the use of all appropriate pre-judgment remedies,

1

post-judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011. In support hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff. Further, upon completion of service of process, this Court will have personal jurisdiction over Pauline Kaufman pursuant to Fed. R. Civ. P. 4(k).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Pauline Kaufman is a United States citizen whose last known address was in Houston, Texas.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because Avik Kaufman was a United States citizen whose last known address was in Houston, Texas. Avik Kaufman passed away in 2012 and his Estate was probated in Harris County, Texas. Avik Kaufman's wife Pauline Kaufman was appointed the Independent Executrix of Avik Kaufman' Estate. Upon information and belief, Executrix, Pauline Kaufman resides in Houston, Texas. Alternatively, venue may be proper under 28 U.S.C. §§ 1391(c) and 1395.

## THE KAUFMANS FAILED TO TIMELY REPORT THEIR FINANCIAL INTERESTS IN THEIR FOREIGN BANK ACCOUNTS

4. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a United States person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2007 through 2010 years at issue, an accurate FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

### *Kaufmans' financial interests and signature authority in foreign bank accounts*

6. In approximately 1978, Avik Kaufman became a United States' citizen. Avik Kaufman was a United States' citizen during 2007-2010.

7. In approximately 1978, Pauline Kaufman became a United States' citizen. Pauline Kaufman was a United States' citizen during 2007-2010.

8. During 2007 through 2010, Avik Kaufman, a United States' citizen, had a financial interest in, beneficial interest, control and signatory authority over some twelve foreign bank accounts, including (1) **Julius Baer** in the Switzerland, six separate accounts ending 0201, 534.01, 814.01, 333.01, 402.01 and 001.01; and (2**) Bank Leumi** in Israel, six separate accounts ending 82/29, 59/15, 01/40, 01/20, 91/17 and 01/30.

9. During 2007 through 2010, Pauline Kaufman, a United States' citizen, had a financial interest in, beneficial interest, control and signatory authority over some twelve foreign bank accounts, including (1) **Julius Baer** in the Switzerland, six separate accounts ending 0201, 534.01, 814.01, 333.01, 402.01 and 001.01; and (2**) Bank Leumi** in Israel, six separate accounts ending 82/29, 59/15, 01/40, 01/20, 91/17 and 01/30.

10. Avik and Pauline Kaufman were married during the 2007-2010 years.

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form is April 15. Pub. L. No. 114-41, § 2006(b)(11).

3

11. In 1996, the Kaufmans opened a bank account at UBS in Switzerland.

12. Sometime in 2003, the Kaufmans closed the UBS account and transferred the funds to Julies Baer bank in Switzerland.

13. Sometime in 2009, the Kaufmans closed the Julius Baer accounts and transferred the funds to Bank Leumi in Israel.

14. The Kaufmans' UBS, Julius Baer and Bank Leumi accounts were numbered accounts. Numbered accounts do not disclose the Kaufmans' name even though they were the owners of the accounts.

15. Avik Kaufman oversaw the Julius Baer and Bank Leumi accounts during the 2007-2010 years.

16. Avik Kaufman dictated the transfer of funds held in the Julius Baer and Bank Leumi accounts during 2007-2010.

17. Avik Kaufman admitted that had signature authority, control or an interest in some 2-7 foreign bank accounts during 2007-2010.

18. The Kaufmans filed Form 1040 U.S. Individual income tax returns for the 2007-2010 tax years.

19. The Kaufmans failed to report all of their foreign income on their originally filed United States income tax returns for 2007-2010.

20. Prior to the years at issue, Avik Kaufman filed FBARs for 2000 and 2001 reporting his and Pauline Kaufman's interest in a Bank Leumi account in Israel. Thus, Avik Kaufman was aware of his FBAR filing requirements.

21. However, the Kaufmans failed to report their interest in the UBS accounts on the 2000 and 2001 FBARs.

22. The Kaufmans failed to file FBARs reporting their interest in foreign accounts for the 2002-2007 years.

***Foreign account balances exceeded $10,000 in 2007 – 2010.***

23. In 2007, Pauline Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Non-willful Penalty assessed | Bank Location |
|---|---|---|---|---|
| Julius Baer | XXXX 0201 | $1,954,257 | $10,000 | Switzerland |
| Julius Baer | XXXX 534.01 | $ 30,487 | $10,000 | Switzerland |
| Bank Leumi | XXXX 82/29 | $ 148,451 | $10,000 | Israel |
| Bank Leumi | XXXX 59/15 | $ 35,007 | $10,000 | Israel |
| TOTALS FOR YEAR | | $2,168,202 | $40,000 | |

24. In 2008, Pauline Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Non-willful Penalty assessed | Bank Location |
|---|---|---|---|---|
| Julius Baer | XXXX 0201 | $1,954,257 | $10,000 | Switzerland |
| Bank Leumi | XXXX 82/29 | $ 110,590 | $10,000 | Israel |
| Bank Leumi | XXXX 59/15 | $ 28,004 | $10,000 | Israel |
| TOTALS FOR YEAR | | $2,092,851 | $30,000 | |

25. In 2009, Pauline Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Non-willful Penalty assessed | Bank Location |
|---|---|---|---|---|
| Julius Baer | XXXX 0201 | $1,500,360 | $10,000 | Switzerland |
| Julius Baer | XXXX 814.01 | $ 29,457 | $10,000 | Switzerland |
| Bank Leumi | XXXX 82/29 | $ 140,007 | $10,000 | Israel |
| Bank Leumi | XXXX 59/15 | $ 27,641 | $10,000 | Israel |
| Bank Leumi | XXXX 01/40 | $ 110,032 | $10,000 | Israel |
| Bank Leumi | XXXX 01/20 | $1,530,287 | $10,000 | Israel |
| Bank Leumi | XXXX 91/17 | $ 20,618 | $10,000 | Israel |
| TOTALS FOR YEAR | | $3,358,402 | $70,000 | |

26. In 2010, Pauline Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Non willful penalty assessed | Bank Location |
|---|---|---|---|---|
| Bank Leumi | XXX 01/40 | $ 89,761 | $10,000 | Israel |
| Bank Leumi | XXX 01/20 | $1,767,701 | $10,000 | Israel |
| TOTALS FOR YEAR | | $1,857,46 | $20,000 | |

27. In 2007, Avik Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/2008 | Potential Max Willful penalty | Bank Location |
|---|---|---|---|---|---|
| Julius Baer | XX 0201 | $1,954,257 | $1,882,660 | $ 941,330 | Switzerland |
| Julius Baer | XX 534.01 | $ 30,487 | unknown | $ 100,000 | Switzerland |
| Bank Leumi | XX 82/29 | $ 148,451 | $110,552 | $ 100,000 | Israel |
| Bank Leumi | XX 59/15 | $ 35,007 | $ 2,903 | $ 100,000 | Israel |
| TOTALS for YEAR | | $2,168,202 | | $1,241,330 | |

28. However, the IRS only assessed a willful FBAR penalty against Avik Kaufman in the amount of $176,820 for 2007.

29. In 2008, Avik Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/2009 | Potential Max Willful penalty | Bank Location |
|---|---|---|---|---|---|
| Julius Baer | XX 0201 | $1,954,257 | $ 0.00 | $100,000 | Switzerland |
| Bank Leumi | XX 82/29 | $ 110,590 | $110,590 | $100,000 | Israel |
| Bank Leumi | XX 59/15 | $ 28,004 | unknown | $100,000 | Israel |
| TOTALS FOR YEAR | | $2,092,851 | | $300,000 | |

30. However, the IRS only assessed a willful FBAR penalty against Avik Kaufman in the amount of $176,820 for 2008.

6

31. In 2009, Avik Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/2010 | Potential Max Willful penalty | Bank Location |
|---|---|---|---|---|---|
| Julius Baer | XXXX 0201 | $1,500,360 | 0.00 | $ 100,000 | Switzerland |
| Julius Baer | XXX 814.01 | $ 29,457 | $29,457 | $ 100,000 | Switzerland |
| Bank Leumi | XXX 82/29 | $ 140,007 | unknown | $ 100,000 | Israel |
| Bank Leumi | XXX 59/15 | $ 27,641 | unknown | $ 100,000 | Israel |
| Bank Leumi | XXX 01/40 | $ 110,032 | $103,056 | $ 100,000 | Israel |
| Bank Leumi | XXX 01/20 | $1,530,287 | unknown | $ 100,000 | Israel |
| Bank Leumi | XXX 91/17 | $ 20,618 | unknown | $ 100,000 | Israel |
| TOTALS FOR YEAR | | $3,358,72 | | $ 700,000 | |

32. However, the IRS only assessed a willful FBAR penalty against Avik Kaufman in the amount of $176,820 for 2009.

33. In 2010, Avik Kaufman had signature authority, control or authority over, or an interest in foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/2011 | Potential Max Willful penalty | Bank Location |
|---|---|---|---|---|---|
| Bank Leumi | XXX 01/40 | $ 89,761 | $75,716 | $100,000 | Israel |
| Bank Leumi | XXX 01/20 | $1,767,701 | $1,767,701 | $883,850.50 | Israel |
| TOTALS FOR YEAR | | $1,857,462 | | $20,000 | |

34. However, the IRS only assessed a willful FBAR penalty against Avik Kaufman in the amount of $176,820 for 2010.

35. During 2007 the highest aggregate balance of Avik Kaufman and Pauline Kaufman's foreign bank accounts was $2,168,202.

36. During 2008 the highest aggregate balance of Avik Kaufman and Pauline Kaufman's foreign bank accounts was $2,092,851.

37. During 2009 the highest aggregate balance of Avik Kaufman and Pauline Kaufman's foreign bank accounts was $3,358,402

38.     During 2010 the highest aggregate balance of Avik Kaufman and Pauline Kaufman's foreign bank accounts was $1,857,462.

39.     Clearly, during 2007 - 2010, the balances in Avik Kaufman and Pauline Kaufman's foreign bank accounts exceeded $10,000.

### *Pauline Kaufman' failure to disclose the foreign accounts was non-willful.*

40.     During 2007-2010, Pauline Kaufman was a United States person as defined in 31 C.F.R. § 1010.350.

41.     In 2007 - 2010, Pauline Kaufman had a financial interest in, and signatory authority over, all the accounts listed in ¶¶ 23, 24, 25, and 26 above. Most of these accounts had account balances exceeding $10,000. The aggregate balance in all of the Kaufmans' foreign accounts exceeded $10,000 in each year from 2007-2010. Thus, on or before June 30, 2008 – June 30, 2011, Pauline Kaufman was required to file an FBAR reporting her interest in these foreign bank accounts for 2007 - 2010, respectively.

42.     Pauline Kaufman failed to timely file FBARs for 2007.

43.     Upon information and belief Pauline Kaufman failed to timely file her own FBARs for the 2008-2010 years regarding all the foreign bank accounts.

44.     The FBARs filed for the 2008-2010 years by Avik Kaufman failed to list all the Kaufmans' foreign accounts and provide correct balances. These FBARs filed for 2008-2010 were inaccurate.

45.     Pauline Kaufman's failure to timely report her financial interest in the foreign bank accounts was non-willful.

### *Avik Kaufman' failure to disclose the foreign accounts was willful.*

46.     During 2007-2010, Avik Kaufman was a United States person as defined in 31

8

C.F.R. § 1010.350.

47. In 2007 - 2010, Avik Kaufman had a financial interest in, and signatory authority over, all the accounts listed in ¶¶ 27, 29 31, and 33 above. Most of these accounts had account balances exceeding $10,000. The aggregate balance in all of the Kaufmans' foreign accounts exceeded $10,000. Thus, on or before June 30, 2008 – June 30, 2011, Avik Kaufman was required to file an FBAR reporting his interest in these foreign bank accounts for 2007 - 2010, respectively.

48. Avik Kaufman had filed FBARs prior to 2007-2010. Avik Kaufman knew he had an obligation to file FBARs.

49. Avik Kaufman failed to timely file a FBAR for 2007 regarding his foreign bank accounts despite knowing he had an interest in foreign bank accounts.

50. Avik Kaufman filed timely FBARs for 2008 and 2009. However, the 2008 and 2009 FBARs were inaccurate and misleading.

51. Avik Kaufman failed to list all the Kaufmans' foreign accounts on his 2008-2010 FBARs.

52. Avik Kaufman failed to list his foreign bank accounts at Julius Baer in Switzerland on the 2008 and 2009 FBARs. The Julius Baer accounts were numbered accounts which did not disclose Avik Kaufman's name.

53. In 2008 and 2009, the highest aggregate account balances in the Julius Baer numbered accounts exceeded $1,500,000.

54. Avik Kaufman failed to list all of his accounts held at Bank Leumi on the 2008-2010 FBARs.

55. Avik Kaufman failed to list the correct highest balances for the Bank Leumi accounts on the 2008-2010 FBARs.

56. Avik Kaufman fail to list the Bank Leumi account numbers and account balances on the 2008 FBAR.

57. The FBARs filed for 2008-2010 were inaccurate.

58. Avik Kaufman owned and operated a successful businesses.

59. Avik Kaufman was a sophisticated businessman.

60. The Kaufmans failed to report all their interest income earned from their foreign bank accounts on their 2007-2010 federal income tax returns.

61. Kaufmans' foreign bank accounts generated income taxable in the United States that was not reported on their federal income tax returns for 2007 through 2010.

62. The Kaufmans failed to report any income generated from their Julius Baer accounts in Switzerland on their 2007-2009 tax returns.

63. Kaufmans' unreported income from their foreign bank accounts created deficiencies in their income taxes for each year from 2007 through 2010.

64. The Kaufmans failed to disclose any foreign accounts on Schedule B of their 2007, 2009 and 2010 federal income tax returns.

65. Upon information and belief, Avik Kaufman failed to inform his tax return preparer that he had foreign bank accounts at Julius Baer during the 2007-2009 tax years.

66. Upon information and belief, Avik Kaufman failed to inform his tax return preparer that the Bank Leumi was a foreign account.

67. Avik Kaufman handled all of the Kaufmans' finances.

68. Avik Kaufman's failure to timely report his financial interest in the foreign bank accounts was willful.

### *2007 through 2010 FBAR Penalty assessments*

69. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a failure to comply with the reporting requirements of Section 5314 – *i.e.,* when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the non-willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is $10,000. 31 U.S.C. § 5321(a)(5)(B)(i).

70. Due to Pauline Kaufman's non-willful failure to timely file FBARs reporting her financial interest in the foreign bank accounts for 2007 through 2010, a delegate of the Treasury Secretary assessed FBAR penalties against her pursuant to 31 U.S.C. § 5321(a)(5) on February 14, 2018, as follows:

| | |
|---|---|
| Tax Year 2007 | $ 40,000 |
| Tax Year 2008 | $ 30,000 |
| Tax Year 2009 | $ 70,000 |
| Tax Year 2010 | $ 20,000 |
| **Total** | **$160,000** |

71. Due to Avik Kaufman's willful failure to timely file FBARs reporting his financial interest in the foreign bank accounts for 2007 through 2010, a delegate of the Treasury Secretary assessed FBAR penalties against him pursuant to 31 U.S.C. § 5321(a)(5) on February 14, 2018, as follows:

| | |
|---|---|
| Tax Year 2007 | $ 176,820 |
| Tax Year 2008 | $ 176,820 |
| Tax Year 2009 | $ 176,820 |
| Tax Year 2010 | $ 176,820 |
| **Total** | **$707,820** |

72.     The IRS assessments of the 2007 through 2010 FBAR penalties against Avik Kaufman and Pauline Kaufmen were both timely.  Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation.  The Forms TD F 90-22.1 or FBAR for the 2007 through 2010 tax years were due on June 30, 2008 through June 30, 2011, respectively.  Thus, the last day for the assessment of the FBAR penalties for the 2007 through 2010 tax years was June 30, 2014 through June 30, 2017.

73.     However, Pauline Kaufman and her representative signed several consents to extend the time to assess Civil Penalties provided by 31 U.S.C. § 5321 for FBAR violations (FBAR penalties) for the 2007 -2010 years.  Pauline Kaufman extended the statute of limitation for assessment for the 2007-2010 FBAR penalties to December 31, 2018. Accordingly, the IRS could assess the FBAR penalties for the 2007-2010 year before December 31, 2018.  The FBAR penalties for 2007-2010 were timely assessed on February 14, 2018.

74.     Also, Pauline Kaufman as surviving spouse and as **executrix** and her representative signed several consents to extend the time to assess Civil Penalties provided by 31 U.S.C. § 5321 for FBAR violations (FBAR penalties) for the 2007 -2010 years.  Thus, the consents extended the statute of limitation for assessment of Avik Kaufmans's 2007-2010 FBAR penalties to December 31, 2018.  Accordingly, the IRS could assess the FBAR penalties against Avik Kaufman for the 2007-2010 years before December 31, 2018.  The FBAR penalties against Avik Kaufman for 2007-2010 were timely assessed on February 14, 2018.

75.     On February 20, 2018, a delegate of the Treasury Secretary also gave Pauline Kaufman notice and demand of the penalty assessments for 2007 through 2010.

76.     On February 20, 2018, a delegate of the Treasury Secretary also gave Avik Kaufman notice and demand of the penalty assessments for 2007 through 2010.

77. Despite the notice and demand for payment, Pauline Kaufman has failed to pay the 2007 through 2010 FBAR penalties assessed against her. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

78. As of September 1, 2017, Pauline Kaufman owed the United States $170,175.18 in penalties assessed under 31 U.S.C. § 5321, including, interest and other statutory additions which have accrued and will continue to accrue as provided by law.

79. Despite the notice and demand for payment, Avik Kaufman, or his Estate, has failed to pay the 2007 through 2010 FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

80. As of February 1, 2019, Avik Kaufman owed the United States $754,793.72 in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

81. Likewise, this suit is timely because it was commenced within two years of the assessment dates. Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment. Thus, the United States has until February 14, 2020, to timely file this suit.

WHEREFORE, the United States of America requests as follows:

1. That the Court enter judgment in favor of the United States against Pauline Kaufman for Pauline Kaufman's 2007 - 2010 FBAR penalty assessments in the aggregate amount of $170,175.18 as of February 1, 2019, plus accruals and such other and further relief as the Court deems just and proper; and

2. That the Court enter judgment in favor of the United States against Pauline Kaufman, as Executrix or Representative of the Estate of Avik Kaufman for Avik Kaufman's

2007 - 2010 FBAR penalty assessments in the aggregate amount of $754,793.72 as of February 1, 2019, plus accruals and such other and further relief as the Court deems just and proper;

      3.      That the United States shall recover a surcharge of 10% of the amount of the debt as authorized under 28 U.S.C. § 3011 for using pre-judgment and/or post judgment debt collection remedies under 28 U.S.C. § 3101 et seq., and 28 U.S.C. § 3201 et seq., respectively.

    RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754 (214) 880-9741 (facsimile)
Herbert.W.Linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes  ❏ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*      JUDGE _____      DOCKET NUMBER _____

DATE                            SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT              APPLYING IFP               JUDGE                    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Attorney Signature.** Date and sign the civil cover sheet.